IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LAURENCE KANDEL, M.D.,          )
                                )
            Plaintiff,          )       8:11CV64
                                )
      v.                        )
                                )
NEBRASKA MEDICAL CENTER, a      )       MEMORANDUM OPINION
Nebraska Nonprofit              )
Corporation; GLENN FOSDICK,     )
individually and as CEO of      )
Nebraska Medical Center;        )
STEPHEN SMITH, M.D.,            )
individually and as Chief       )
Medical Officer of Nebraska     )
Medical Center; CARL GREINER,   )
M.D., individually and as       )
Chief of Staff of Nebraska      )
Medical Center; PETER WHITTED,  )
M.D., individually and as       )
Vice Chief of Staff of          )
Nebraska Medical Center;        )
DONALD DARST, M.D.,             )
individually and as Chief of    )
Staff of Nebraska Medical       )
Center; and LARRY SIREF, M.D.,  )
individually and as Chief of    )
Surgery of Nebraska Medical     )
Center,                         )
                                )
            Defendants.         )
_____)
```

This matter is before the Court upon defendants' motion to dismiss and to take judicial notice (Filing No. 10), plaintiff's motion to strike (Filing No. 28), and plaintiff's motion for leave to file supplemental brief in opposition to defendant's motion to dismiss (Filing No. 29). The Court has reviewed the motions, supporting and opposing briefs, and the

relevant law, and finds defendants' motion should be granted and plaintiff's motions denied as moot.

As set forth in defendants' brief, defendants' claim plaintiff's complaint fails to state a claim upon which relief can be granted because the theories of recovery asserted by plaintiff are all claims that were brought or could have been brought in prior state court litigation in which a final judgment on the merits has been rendered.  See Filing Nos. 11, 12-5, and 12-6.  Thus, defendants assert plaintiff's complaint should be dismissed because suit is barred by the doctrines of both claim preclusion and issue preclusion as provided in Nebraska law.  Furthermore, defendants assert plaintiff's complaint fails to state a claim against the individual defendants in their individual capacities.

Plaintiff contends that the elements of both claim and issue preclusion have been met in this case -- namely that it has not been established that the individual defendants are in privity with the party of the original Nebraska state court litigation, and the state court decision was not decided on the merits.  Further, plaintiff argues that (1) the holdings of the Nebraska state courts are preempted by Federal law and therefore have no preclusive effect, (2) a finding of claim or issue preclusion under these facts would violate important federal interests, (3) neither issue or claim preclusion should apply

because it would cause an inequitable or unjust result, and (4) plaintiff has not waived his federal law claims.

The Court has reviewed the decisions of the Nebraska state courts and finds plaintiff's claim are without merit. As set forth in defendants' brief, the elements of claim and issue preclusion have been met.[1]  See Filing No. 11.  Plaintiff is attempting to re-litigate issues and make arguments which were either brought or could have been brought before the Nebraska state courts.  Thus, defendants' motion to dismiss and to take judicial notice will be granted, and plaintiff's motion to strike and motion for leave to file supplemental brief will be denied as moot.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 2nd day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[1] Due to the Court's granting defendants' motion to dismiss on the issues of claim and issue preclusion, it is unnecessary for the Court to address defendants' third argument relating to plaintiff's failure to state claim against the individual defendants in their individual capacities.